UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GIER, SR., | No. 2:13-cv-0012-KJN |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Donald Gier, Sr., who is represented by counsel, commenced this social security action on January 2, 2013. (ECF No. 1.) On January 4, 2013, the court granted plaintiff's request to proceed in forma pauperis and ordered service of the complaint on the Commissioner by the U.S. Marshal. (ECF No. 4.) That same day, the court issued a scheduling order, which required plaintiff to file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record, unless plaintiff elected to first submit new evidence outside the evidentiary record, along with a request for voluntary remand, to the Commissioner. (ECF No. 6 at 2.)

The Commissioner lodged the administrative transcript on May 13, 2013. (ECF No. 12.) Although the above-mentioned 45-day period has long passed, and the court received no notice that plaintiff elected to submit new evidence and a request for voluntary remand to the

1

Commissioner, plaintiff failed to file a motion for summary judgment.

The court's January 4, 2013 scheduling order in this matter expressly states that failure to adhere to scheduling deadlines "may result in sanctions, including dismissal. L.R. 110. Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a dismissal for lack of prosecution. Fed. R. Civ. P. 41(b). Requests to modify this order must be made by written motion." (ECF No. 6 at 3-4.) No motion or request for a continuance was filed by plaintiff.

Accordingly, within fourteen (14) days of this order, plaintiff shall show cause in writing why monetary sanctions should not be imposed and/or why this case should not be dismissed for lack of prosecution and failure to comply with court orders. Failure to timely file the required writing will result in dismissal of the action. See Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

IT IS SO ORDERED.

Dated: August 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE