UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GIER, SR., | No. 2:13-cv-0012-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On August 16, 2013, the court issued an order requiring plaintiff to show cause in writing why monetary sanctions should not be imposed and/or why this case should not be dismissed for lack of prosecution and failure to comply with court orders, based on plaintiff's failure to timely file his motion for summary judgment. (ECF No. 13.)

Thereafter, on August 30, 2013, plaintiff's counsel filed both a motion for summary judgment and a response to the order to show cause ("OSC"). (ECF Nos. 14, 15.) In the response, plaintiff's counsel concedes that he had made some late filings and that, at times, no extension of time had been requested, but attributes this to the large number of cases that he had taken on for this period of time. Plaintiff's counsel points out that all his cases "have been addressed within the same general time-frame as a more compliant practitioner would achieve by utilizing such requests." (ECF No. 14.)

1

      Whether or not cases are generally addressed within a particular time-frame, compliance with the court's orders and procedures are not voluntary. In light of limited court resources, the court expects counsel to abide by deadlines in order for the court to meet its goals for resolution of social security cases, in which claimants have often been waiting several years to obtain judicial review of their claims.

      Moreover, it is counsel's responsibility to manage his caseload. Although the court recognizes that it may at times be difficult to comply with multiple deadlines in difference cases at the same time, the appropriate vehicle to address such difficulties, as plaintiff's counsel acknowledges, is a timely request for extension of time *prior to expiration of the deadline*. The court observes that, in another social security case pending before the undersigned, plaintiff's counsel also failed to file a motion for summary judgment by the required deadline and filed a tardy ex parte motion for extension of time to do so only after the order to show cause in this case issued. See Vaupell v. Commissioner of Social Security, 2:13-cv-74-KJN.

      In light of the above, the court finds that some monetary sanctions are warranted. However, because plaintiff's counsel timely responded to the OSC and filed his motion for summary judgment, the court concludes that sanctions in the amount of $100 would be sufficient to deter future non-compliance with the court's orders at this juncture. Nevertheless, plaintiff's counsel is cautioned that future failure to abide by the court's orders, Local Rules, and other applicable procedural requirements will result in increased monetary sanctions or other appropriate sanctions.

      Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, plaintiff's counsel shall personally pay sanctions in the amount of $100 based on his failure to timely file a motion for summary judgment and/or request for extension of time. Plaintiff's counsel shall not directly or indirectly seek to recover the amount of such sanctions from plaintiff.

////

////

////

2. This order disposes of the court's August 16, 2013 OSC (ECF No. 13).

IT IS SO ORDERED.

Dated:  September 4, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE