BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
CAROLYN B. CHEN
Special Assistant United States Attorney
   160 Spear Street, Suite 800
   San Francisco, California 94105
   Telephone: (415) 977-8956
   Facsimile: (415) 744-0134
   E-Mail: Carolyn.Chen@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| DONALD GIER,<br>   Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>   Social Security,<br>   Defendant. | Case No. 2:13-CV-00012-KJN<br><br>STIPULATION AND ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of THREE THOUSAND TWO HUNDRED FIFTY DOLLARS AND 00/100 CENTS ($3,250.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Ratliff v. Astrue*, 130 S. Ct. 2521 (U.S. June 14, 2010) the ability to honor the assignment will depend on whether the fees are

1

subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

     Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Plaintiff's attorney Jesse Kaplan, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

     This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection with this action.

     This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Date: April 10, 2014  *s/ Jesse S. Kaplan*
(As authorized by email on 4/9/2014)
JESSE S. KAPLAN
Attorney for Plaintiff

Date: April 10, 2014  BENJAMIN B. WAGNER
United States Attorney

By *s/ Carolyn B. Chen*
CAROLYN B. CHEN
Special Assistant U. S. Attorney

Attorneys for Defendant

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED that Plaintiff shall be awarded attorney fees in the amount of THREE THOUSAND TWO HUNDRED FIFTY DOLLARS AND ZERO CENTS ($3,250.00), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation.

**APPROVED AND SO ORDERED.** This order resolves docket number 32.

Dated: April 10, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE